# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FRANK MUNIZ,

      Plaintiff,

v.                                                        No. CIV 09-0202 MCA/RLP

BILL RICHARDSON, GOVERNOR
OF THE STATE OF NEW MEXICO,
JOE R. WILLIAMS, SECRETARY
OF THE NEW MEXICO CORRECTIONS
DEPARTMENT, AND, THE NEW
MEXICO CORRECTIONS DEPART-
MENT, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint.[1] Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

---

[1] Although Plaintiff's complaint purports to initiate a class action, the Court denied certification of the class (Doc. 5). Former Plaintiff Romero then voluntarily dismissed his claims (Doc. 10), leaving Mr. Muniz as the only Plaintiff.

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that a number of conditions of confinement at New Mexico correctional facilities violate Plaintiff's constitutional protections. Plaintiff names the Governor, the Secretary of Corrections, and the Department of Corrections as Defendants. He seeks exclusively equitable relief to require improved conditions.

The complaint states at page 24 that "Plaintiff has filed two similar complaints rasing same issues in: Muniz v. Moore, CIV-08-0714 JB ACT, and Muniz v. Williams, CIV-08-1106 WJ ACT. . . . However, in the two [prior] actions Plaintiff is seeking compensatory damages. While [the instant] action seeks injunctive relief." The Court dismissed the complaint in cause No. CV 08-0714 JB/ACT. The Court also dismissed all but one of Plaintiff's claims in cause No. CV 08-1106 WJ/ACT, and Plaintiff then voluntarily dismissed the one remaining claim against Defendant Brian Johnson. Defendant Johnson is a unit manager at Southern New Mexico Correctional Facility and is not named in this action. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation."). The Court has reviewed Plaintiff's prior complaints and concludes that, although they do not squarely duplicate the claims in the instant matter, this complaint consists exclusively, with one exception discussed below, of claims that Plaintiff raised or could have raised in his earlier actions.

With the exception of the one claim, Plaintiff's complaint is barred by the doctrine of res judicata. The Court noted in the order dismissing Plaintiff's prior complaint in cause No. CV 08-1106 WJ/ACT that the doctrine of res judicata bars claims that a plaintiff has raised in an earlier action. "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). The doctrine also bars claims that Plaintiff could have raised previously, *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992), and the related doctrine of collateral estoppel bars claims against newly named parties, *see Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988); *and cf. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986); *Klein v. Comm'r*, 880 F.2d 260, 263 (10th Cir. 1989).

Furthermore, Plaintiff's complaint is barred even though he now seeks exclusively injunctive relief. "A party cannot circumvent the bar of res judicata by asserting a new legal theory or by seeking a different remedy." *Overton v. United States*, 48 F. App'x 295, 301 (10th Cir. 2002) (citing *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000)); *and cf. San Remo Hotel, L.P., v. City And County Of San Francisco*, 545 U.S. 323, 342 (2005) (rejecting attempt to reserve federal claims in state court action to avoid preclusion in subsequent federal action). Because Plaintiff raised, or could have raised, all but one of the claims he now presents, his claims in this action are barred by the doctrine of res judicata.

One of Plaintiff's claims is not barred. Plaintiff alleges at page 19 that "[o]n or about January 9, 2009, [prison food provider] Aramark implemented a new menu." The alleged change of menu occurred after Plaintiff filed his last previous complaint. Plaintiff contends that food served according to the new menu is not nutritionally adequate and thus violates the Eighth Amendment. Under applicable Eighth Amendment standards, however, Plaintiff's allegations do not support a claim for relief. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *and see Martinez v. Villano*, No. 00-1070, 2000 WL 1234841, at *1 (10th Cir. Aug. 31, 2000) (affirming dismissal of claim based on allegations, *inter alia*, of "being forced to eat unpalatable and unwholesome food"). Plaintiff's allegations do not meet these standards, and the Court will dismiss this claim.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE